# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                    Criminal No. 06-CR-20193-DT

v.                                     Civil Case No. 07-CV-13737-DT

THOMAS RAY PRIDE,

      Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION UNDER
## 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

On June 7, 2006, Defendant Thomas Ray Pride pleaded guilty to the following four counts: (1) possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); (3) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); and (4) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  Defendant was sentenced on September 12, 2006 to 78 months imprisonment and now seeks to vacate his sentence, claiming that he was illegally questioned during the course of his arrest.  For the reasons set forth below, the court will deny Defendant's motion.

## I.  STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack." Such motions, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## II. DISCUSSION

### A. Motion Under 28 U.S.C. § 2255

Defendant seeks relief based on the allegation that agents illegally questioned him during the course of his arrest. (Def.'s Mot. at 3.) Defendant admits, however, that he did not raise this issue on direct appeal. (*Id.*) Accordingly, Defendant has waived these issues. *United States v. Frady*, 456 U.S. 152, 165 (1982) ("[C]ollateral challenges may not do service for appeal.").

When a defendant does not raise an issue on direct appeal, the issue can be asserted on collateral attack, but the defendant must show cause to excuse his failure to appeal the issue and actual prejudice. *Id.* at 167-68. "In order to satisfy this standard, a defendant must 'shoulder the burden of showing, not merely that the errors at trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage . . . .'" *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993) (citing *Frady*, 456 U.S. at 170). "The *Frady* cause and prejudice standard applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding." *Ratliff*, 999 F.2d at 1025. Alternatively, Defendant can demonstrate that he is "actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In this case, Defendant has offered no excuse for his failure to appeal his conviction or sentence and does not claim actual innocence. Thus, the court finds that Defendant has failed to demonstrate cause for his failure to appeal and concludes that Defendant's § 2255 petition is not reviewable.

### B. Certificate of Appealability

Under Federal Rule of Appellate Procedure 22(b)(1), a district court that denies a motion under § 2255 must issue an order either granting or denying a certificate of appealability before an applicant may appeal. *See* Fed. R. App. P. 22(b)(1) ("If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."). This court, having rendered the challenged judgment in the case at bar, is guided by 28 U.S.C. § 2253(c)(2), which directs the reviewing judge to determine if "the applicant has made a substantial showing of the denial of a constitutional right." To demonstrate this denial, the applicant is required to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* In this case, the court concludes that reasonable jurists could not find debate or disagree with the court's conclusion that Defendant's claims are not reviewable.

## III.  CONCLUSION

IT IS ORDERED that Defendant's motion to vacate sentence under 28 U.S.C. §

2255 [Dkt. # 18] is DENIED.


        s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 3, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, December 3, 2007, by electronic and/or ordinary mail.


        s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522